# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# Civil Action No. 9:15-CV-80164-KAM

| | |
|---|---|
| **CARYN PINCUS, an individual, on behalf of herself and all others similarly situated,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| **v.** | ) ) ) |
| **SPEEDPAY, INC.,** a New York corporation, | ) ) ) ) |
| **Defendant.** | |

_____

### DEFENDANT SPEEDPAY, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)
_____

Defendant, Speedpay, Inc. ("Speedpay"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves the Court to dismiss Plaintiff's First Amended Complaint for failure to state a claim for which relief can be granted.

In support of this Motion, Speedpay shows the Court as follows:

1. Plaintiff's claims against Speedpay center on fees that she allegedly incurred for using Speedpay's services to process payment of her electric bill to Florida Power & Light Company ("FPL"). Plaintiff bases her causes of actions for unjust enrichment (Counts I and IV), money had and received (Counts II and V), and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") (Counts III and VI) solely on alleged violations of two Florida Statutes – § 501.0117 and § 560.204. However, neither statute expressly provides for a private right of action, and no court has implied a private right of action. Therefore, Counts I-VI should be dismissed.

2. In the alternative, Plaintiff has failed to plead the essential elements of any of these claims. Significantly, Plaintiff was on notice of the deficiencies in her claims when Defendant filed a Motion to Dismiss Plaintiff's original complaint and supporting brief on April 6, 2015. Despite being aware of the pleading requirements for her causes of action and the ways

in which the original complaint was lacking, Plaintiff has made few changes to her allegations in the First Amended Complaint.  Plaintiff's amended allegations still do not meet the plausibility test for pleadings established by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662,678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  First, the First Amended Complaint does not allege facts sufficient to permit an inference that Speedpay is governed by – much less violated –  Fla. Stat. § 501.0117, in that Plaintiff has failed to allege that Speedpay is a "seller or lessor" subject to the requirements of that statute.  To the contrary, Plaintiff acknowledges that Speedpay was not the provider of electrical services for which Plaintiff paid and that Speedpay's role was merely to process her credit card payment to FPL.  Second, the First Amended Complaint simply parrots the language of Fla. Stat. § 560.204 and does not allege facts from which the Court can conclude that Speedpay is a "money transmitter" that must have a license pursuant to the statute.

       3.     Even if Plaintiff could establish in her allegations that Speedpay violated either Fla. Stat. § 501.0117 or Fla. Stat. § 560.204., the First Amended Complaint fails to allege facts that would support a plausible claim for unjust enrichment, money had and received, or violations of the FDUPTA.  Specifically, Plaintiff acknowledges that she received a benefit (i.e., being able to pay her bill immediately by using a credit card) for the convenience fee she paid, which negates any claim for unjust enrichment or money had and received.  Further, neither Fla. Stat. § 501.0177 nor Fla. Stat. § 560.204 is among the statutes for which the courts have imposed civil liability under FDUPTA.  Plaintiff cannot establish the essential elements of any of the claims pled in Counts I through VI.

       4.     Counts VII (Florida RICO) and VIII (Federal RICO) also fail as a matter of law because both claims depend on Speedpay being a "money transmitting business" subject to certain regulations.  Plaintiff makes the conclusory allegation that Speedpay's transmission of money without a license and without a money transmitting business registration constitutes "criminal activity" under Fla. Stat. § 722.102(1)(b) and 18 U.S.C. § 1961(1)(B).  However, the facts pled in Plaintiff's First Amended Complaint regarding her using a MasterCard to pay her bill to FPL and Speedpay's facilitation of that transaction are more consistent with Speedpay being a "payment processor" that is expressly exempted from the laws that Plaintiff claims were violated.  31 C.F.R. § 1010.100.  Because Plaintiff has failed to allege facts that would support the plausible conclusion that Speedpay is a "money transmitting business" for purposes of

establishing "criminal activity" under state or federal RICO, Counts VII and VIII should be dismissed.

5. In Count VII, Plaintiff alleges that Speedpay's alleged violation of Fla. Stat. § 560.204 gives rise to liability under the Florida Civil Remedies for Criminal Practices Act, Fla. Stat. § 722.104. However, Fla. Stat. § 560.204 is not among the criminal statutes enumerated in the Florida Civil Remedies for Criminal Practices Act that create civil liability. As such, Count VII fails as a matter of law.

WHEREFORE, for the reasons stated herein and in Defendant Speedpay's Memorandum of Law, which is being filed with this Motion, Speedpay respectfully requests that the Court dismiss all claims in Plaintiff's First Amended Complaint with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted this the 15th day of May, 2015.

/s/ Carlos F. Concepción
Carlos F. Concepción (Fla. Bar No. 386730)
CConcepcion@cfclaw.com
CONCEPCION MARTINEZ & PUENTE
255 Aragon Avenue, 2nd Floor
Coral Gables, FL 33134
(305) 444-6669
(305) 444-3665 (facsimile)
*Attorney for Defendant*

/s/ Daniel R. Taylor, Jr.
Daniel R. Taylor, Jr.
N.C. State Bar No. 7358
Susan H. Boyles
N.C. State Bar No. 20877
Joseph S. Dowdy
N.C. State Bar No. 31941
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 607-7300
*Counsel for Defendant Speedpay, Inc.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on May 15, 2015, I electronically filed the foregoing ***DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)*** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties of record on the Service List below.

                                          /s/ Carlos F. Concepción
                                          Carlos F. Concepción

## SERVICE LIST

BRET L. LUSSKIN, Esq.
20803 Biscayne Blvd., Suite # 302
Aventura, FL 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com
Attorneys for Plaintiff

SCOTT D. OWENS, Esq.
PATRICK C. CROTTY, Esq.
3800 S. Ocean Dr., Suite 235
Hollywood, FL 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com
Patrick@scottdowens.com
Attorneys for Plaintiff