## CASE NO. 9:15-cv-80164-KAM

# United States District Court
# Southern District of Florida

CAROLYN PINCUS,
An individual, on behalf of herself and all others similarly situated,

*Plaintiff,*

*v.*

SPEEDPAY, INC.
A New York corporation,

*Defendant.*

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Bret L. Lusskin, Esq.
Florida Bar No. 28069
BRET LUSSKIN, P.A.
20803 BISCAYNE BLVD., STE 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

Scott D. Owens, Esq.
Florida Bar No. 0597651
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, Florida 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

Introduction ................................................................................................................. 1

Standard of Review ..................................................................................................... 2

Discussion .................................................................................................................... 3

    I.     Counts I, II, IV, and V — Plaintiff has Stated Claims for Unjust
          Enrichment and Money Had and Received ................................................... 3

         A.    Defendant confuses Plaintiff's claims for statutory causes of action ......... 4

              i.    Defendant Operates as an Unlicensed Money Transmitter
                    in Violation of Fla. Stat. § 560.204 ................................................ 4

              ii.    Defendant's Unlawful Collection of Credit Card
                    Surcharges Imposed in Violation of Fla. Stat. § 501.0117 ............ 7

         B.    The authority cited by Defendant is not controlling, and
            distinguishable ........................................................................................ 8

         C.    Plaintiff has adequately plead the elements of Unjust Enrichment
            and Money Had and Received ................................................................ 10

              i.    Unjust Enrichment ...................................................................... 10

              ii.    Money Had and Received .......................................................... 12

         D.    The fact that Defendant is not a "seller or lessor" does not cleanse
            its ill-gotten surcharges that were obtained in violation of §
            501.0117 ................................................................................................ 13

    II.    Plaintiff has Stated Claims under the Florida Deceptive and Unfair Trade
          Practices Act, Fla. Stat. § 501.211 ....................................................... 15

    III.    Plaintiff has Stated a Claim under the Florida Civil Remedies for Criminal
          Practices Act, Fla. Stat. § 772.104, and the Racketeer Influenced and
          Corrupt Organizations Act, 18 U.S.C. § 1961 et seq ........................... 16

Conclusion ................................................................................................................. 17

Certificate of Service ................................................................................................ 18

i

# TABLE OF AUTHORITIES

**Cases**

*Aceto Corp. v. TherapeuticsMD, Inc.*,
    953 F. Supp. 2d 1269 (S.D. Fla. 2013) ............................................................ 14

*Amalgamated Bank of New York v. Marsh*,
    823 F. Supp. 209 (S.D.N.Y. 1993) ............................................................ 2

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ............................................................ 2

*Atl. Coast Line R. Co. v. State of Florida*,
    295 U.S. 301 (1935) ............................................................ 12

*Baptista v. JPMorgan Chase Bank, N.A.*,
    640 F.3d 1194 (11th Cir. 2011) ............................................................ 11, 12

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................ 2, 3

*Beverly Enterprises–Florida, Inc. v. Knowles*,
    766 So. 2d 335 (Fla. 4th DCA 2000) ............................................................ 11

*Bonner v. City of Pritchard*,
    661 F.2d 1206 (11th Cir.1981) ............................................................ 9

*Boyce Constr. Corp. v. District Bd. of Trustees*,
    414 So. 2d 634 (Fla. 5th DCA 1982) ............................................................ 10

*Buell v. Direct Gen'l Ins. Agency, Inc.*,
    267 Fed. Appx. 907 (11th Cir. 2007) ............................................................ 8

*Carrero v. LVNV Funding, LLC*,
    2014 WL 6433214 (S.D. Fla. Oct. 27, 2014) ............................................................ 9

*Commerce P'ship 8098 Ltd. P'ship v. Equity Contr. Co.*,
    695 So. 2d 383 (Fla. 4th DCA 1997) ............................................................ 10

*Conley v. Gibson*,
    355 U.S. 41, 78 S. Ct. 99 (1957) ............................................................ 2

*Cooper v. Paris*,
    413 So. 2d 772 (Fla. 1st DCA 1982) ............................................................ 6, 7, 8, 10

*Coupons, Inc. v. Stottlemire*,
    588 F. Supp. 2d 1069 (N.D. Cal. 2008) ............................................ 3

*Day v. Le-Jo Enters., Inc.*,
    521 So. 2d 175 (Fla. 3d DCA 1988) .............................................. 15

*Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc.*,
    693 So. 2d 602 (Fla. 2d DCA 1997) .............................................. 15

*Erickson v. Pardus*,
    551 U.S. 89 (2007) ........................................................... 3

*Fabricant v. Sears Roebuck*,
    202 F.R.D. 310 (S.D. Fla. 2001) ......................................... 4, 5, 10

*Fuller v. Mortg. Elec. Reg. Sys., Inc.*,
    888 F. Supp. 2d 1257 (M.D. Fla. 2012) .......................................... 9

*Gene B. Glick Co., Inc. v. Sunshine Ready Concrete Co., Inc.*,
    651 So. 2d 190 (Fla. 4th DCA 1995).. ......................................... 10

*Greenfield v. Manor Care, Inc.*,
    705 So. 2d 926 (Fla. 4th DCA 1997) ........................................... 11

*Halpin v. David*,
    2009 WL 1753759 (N.D. Fla. June 22, 2009) ..................................... 9

*Hedges v. United States*,
    404 F.3d 744 (3d Cir. 2005)..................................................... 3

*In re Ripon City*,
    102 F. 176 (5th Cir. 1900) ..................................................... 9

*Jackson v. Seaboard Coast Line R. Co.*,
    678 F.2d 992 (11th Cir. 1982) ................................................. 16

*Janigan v. Taylor*,
    344 F.2d 781 (1st Cir. 1965)................................................... 8

*Johnson v. Riverside Healthcare Sys., LP*,
    534 F.3d 1116 (9th Cir. 2008) ................................................. 3

*Kelly v. Palmer, Reifler & Associates, PA*,
    681 F. Supp. 2d 1356 (S.D. Fla. 2010) .................................... 12, 14

iii

*LeBlanc v. Unifund CCR Partners,*
   601 F.3d 1185 (11th Cir. 2010) ................................................................. 7

*London v. Wal-Mart Stores, Inc.,*
   340 F.3d 1246 (11th Cir. 2003) ............................................................ 5, 10

*Media Services Group, Inc. v. Bay Cities Communications, Inc.,*
   237 F.3d 1326 (11th Cir. 2001) .......................................................... 11, 14

*Merle Wood & Associates, Inc. v. Trinity Yachts, LLC,*
   714 F.3d 1234 (11th Cir. 2013) .............................................................. 11

*MJS Music Publ'n, LLC v. Hal Leonard Corp.,*
   No. 8:06-cv-488-T30EAJ, 2006 WL 1208015 (M.D. Fla. May 4, 2006)........................ 15

*Moore Handley, Inc. v. Major Realty Corp.,*
   340 So. 2d 1238 (Fla. 4th DCA 1976) ....................................................... 12

*Pidcock v. Sunnyland America, Inc.,*
   854 F.2d 443 (11th Cir. 1988) ................................................................. 8

*Romano v. Motorola, Inc.,*
   07–CIV–60517, 2007 WL 4199781  (S.D. Fla. Nov. 26, 2007)..................................... 14

*S.E.C. v. Friendly Power Co., LLC,*
   49 F. Supp. 2d 1363 (S.D. Fla. 1999) ......................................................... 9

*S.E.C. v. Kirkland,*
   521 F. Supp. 2d 1281 (M.D. Fla. 2007)......................................................... 8

*Spann ex rel. Hopkins v. Word of Faith Christian Center Church,*
   589 F. Supp. 2d 759 (S.D. Miss. 2008) ....................................................... 16

*St. George v. Pinellas County,*
   285 F.3d 1334 (11th Cir. 2002) ................................................................. 2

*State Farm Fire & Casualty Co. v. Silver Star Health and Rehab,*
   739 F.3d 579 (11th Cir. 2013) ........................................................... *passim*

*State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc.,*
   2011 WL 6450769 (M.D. Fla. 2011) .......................................................... 13

*State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, L.L.C.,*
   9 F. Supp. 3d 1303 (M.D. Fla. 2014)......................................................... 12

*Steinberg ex rel. Lancer Mgmt. Grp. LLC v. Alpha Fifth Grp.*,
    No. 04-60899-CIV-MARRA, 2010 WL 1332844 (S.D. Fla. Mar. 30, 2010) ................. 17

*Steinberg v. Brickell Station Towers*,
    625 So. 2d 848 (Fla. 3d DCA 1993) ................................................................. 8

*Swindell v. Crowson*,
    712 So. 2d 1162 (Fla. 2d DCA 1998) ............................................................. 11

*Third Party Verification, Inc. v. Signaturelink*,
    492 F. Supp. 2d 1314 (M.D. Fla. 2007) ......................................................... 15

*Turner v. Fitzsimmons*,
    673 So. 2d 532 (Fla. 1st DCA 1996) .............................................................. 11

*Ulbrich v. GMAC Mortgage, LLC*,
    11–62424–CIV, 2012 WL 3516499 (S.D. Fla. Aug. 15, 2012) ...................................... 14

*Vista Designs, Inc. v. Silverman*,
    774 So. 2d 884 (Fla. 4th DCA 2001) ............................................... 5, 6, 7, 10

*Wechsler v. Novak*,
    26 So. 2d 884 (Fla. 1946) ........................................................................... 13

*Wilchombe v. TeeVee Toons, Inc.*,
    555 F.3d 949 (11th Cir. 2009) ...................................................................... 2

**Rules, Statutes, and Other Authorities**

18 U.S.C. § 1960 ................................................................................. 16, 17

18 U.S.C. § 1961 ..................................................................................... 16

18 U.S.C. § 1961(1)(B) ............................................................................. 16

31 C.F.R. § 1010.100(ff)(5)(ii) ................................................................... 16

31 C.F.R. § 1010.100(ff)(5)(ii)(B) .......................................................... 16, 17

Fed. R. Civ. P. 8 ...................................................................................... 2

Fed. R. Civ. P. 8(a)(2) ........................................................................... 2, 3

Fed. R. Civ. P. 12(b)(6) ............................................................................. 2

Fla. Stat. § 2.01 ...................................................................................... 10

v

Fla. Stat. § 400.9335(3) .................................................................................... 4

Fla. Stat. § 400.9905(4)(g) ............................................................................... 13

Fla. Stat. § 475.42 ............................................................................................. 6

Fla. Stat. § 501.201 .......................................................................................... 15

Fla. Stat. § 501.211 .......................................................................................... 15

Fla. Stat. § 501.0117 ................................................................................... passim

Fla. Stat. § 560.103 .......................................................................................... 13

Fla. Stat. § 560.103(23) ............................................................................ 4, 13, 16

Fla. Stat. § 560.204 .................................................................................... passim

Fla. Stat. § 560.204(1) ....................................................................................... 5

Fla. Stat. § 655.85 ............................................................................................ 11

Fla. Stat. § 772.104 .......................................................................................... 16

66 Am. Jur. 2d Restitution and Implied Contracts § 172 (2008) ................................ 12

Recovery Back of Money Paid to Unlicensed Person Required by Law to Have Occupational or Business License or Permit to Make Contract, 74 A.L.R.3d 637 (1976) .................................. 9

http://www.fincen.gov/news_room/rp/rulings/html/FIN-2014-R012.html ................................ 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:15-cv-80164-KAM

CARYN PINCUS, an individual, on
behalf of herself and all others similarly situated,

      Plaintiff,

v.

SPEEDPAY, INC.,
a New York corporation,

      Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff CARYN PINCUS ("Mrs. Pincus") hereby submits her Response in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.  [ECF No. 21].

## INTRODUCTION

This case concerns Defendant's ongoing, statewide criminal enterprise of unlawfully collecting credit card surcharges from Florida consumers.  Defendant stole, and continues to steal, millions of dollars from hundreds of thousands of Florida consumers in direct violation of multiple Florida criminal statutes.  Defendant does not contest this, but instead makes a rather specious legal argument to conclude that it can keep all of the money it stole, with zero accountability, and that the victims are entitled to <u>absolutely</u> <u>nothing</u>, all because the legislature did not expressly state that the victims of thievery should be made whole.

Defendant's motion attempts to confuse the allegations and distract the Court from one simple reality:  Defendant has been unjustly enriched at the expense of Florida's citizens.  Under Florida law, Plaintiff, along with the members of the class and subclasses, are entitled to restitution of the funds unlawfully taken from them.

Defendant devotes nearly half of its memorandum to a classic straw-man argument. Defendant poses a question that is not properly before this Court – whether there exists a private right of action under Fla. Stat. §§ 501.0117 and 560.204 – and then proudly answers it in the

negative.  Plaintiff cannot emphasize enough - she has not pleaded a private cause of action under either statute.  Consequently, the first seven pages of Defendant's Motion are wholly irrelevant to the matter *sub judice*.  Rather than descending the rabbit-hole of Defendant's superfluous legal argument, Plaintiff will instead explain why her theory of recovery is founded upon well-established case law in both the Eleventh Circuit and the State of Florida, and only respond to those issues raised by Defendant that actually address the claims raised in Plaintiff's First Amended Complaint.

### STANDARD OF REVIEW

A complaint should not be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).  Further, the Court's consideration is limited to the assertions made within the four corners of the First Amended Complaint, to documents attached to the First Amended Complaint as exhibits, to matters for which judicial notice may be taken, and to documents either in the Plaintiff's possession or of which Plaintiff had knowledge and relied on in bringing the suit.  *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)).  "In short, the function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which may be offered in support thereof." *Amalgamated Bank of New York v. Marsh*, 823 F. Supp. 209, 215 (S.D.N.Y. 1993).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiff's Complaint need only contain a "short and plain statement of the claim showing that [they are] entitled to relief." While *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) did much to clarify the standard of review applicable to motions under Rule 12(b)(6), they did not radically alter federal pleading standards under Rule 8.  Under *Twombly*, a complaint will not be dismissed under Rule 12(b)(6) if two minimum hurdles are cleared: (1) the Complaint must describe the claim in sufficient detail to give the Defendant fair notice of what the claim is and the grounds upon which it rests; and (2) the Complaint's allegations must plausibly suggest that the Plaintiff has a right to relief, raising the possibility above a level of speculation. *Twombly*, 550 U.S. at 544-55. This is consistent with the requirements of Rule

8(a)(2), which requires that a complaint "provide a 'short and plain statement of the claim showing that [she] is entitled to relief.'  This is not an onerous burden. 'Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what . . . the claim is and the grounds upon which it rests.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)); *see also Coupons, Inc. v. Stottlemire*, 588 F. Supp. 2d 1069, 1073 (N.D. Cal. 2008) (citing *Twombly*, 550 U.S. 544) ("'heightened fact pleading of specifics' is not required to survive a motion to dismiss."). What's more, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## DISCUSSION

**I.     Counts I, II, IV, and V — Plaintiff has Stated Claims for Unjust Enrichment and Money Had and Received.**

In Counts I, II, IV, and V, Plaintiff asserts claims for Unjust Enrichment and Money Had and Received, seeking repayment of credit card surcharges collected by Defendant in violation of Fla. Stat. § 501.0117 and § 560.204. [*See* ECF No. 13].  Under Fla. Stat. § 501.0117, it is unlawful for a seller or lessor in a sales or lease transaction to impose a surcharge upon a buyer or lessee for electing to use a credit card in lieu of another form of payment.  Under Fla. Stat. § 560.204, a person may not engage in the activity of a money transmitter for compensation without first obtaining a license.

Defendant's motion opens with a bewildering argument that <u>because</u> it violated these criminal statutes, it is <u>not</u> required to repay the unlawful surcharges. [ECF No. 22; pp. 1-2].  To make this argument, Defendant recasts Plaintiff's claims as improper "statutory private rights of action" and concludes that, since the criminal statutes do not *expressly authorize* consumers to file civil lawsuits, Plaintiff is without recourse.  *Id.*

Distilled to its essence, Defendant's argument is that the enactment of a criminal statute prohibiting certain conduct automatically nullifies all civil claims related to such conduct, including elementary, time-tested legal theories such as unjust enrichment.  But this is not the law.  In Florida, courts routinely uphold common law claims brought in light of criminal conduct.  Where a Plaintiff can satisfy the bedrock elements of a cause of action, then the action must stand, regardless of whether some elements relate to criminal conduct.

A. <u>Defendant confuses Plaintiff's claims for statutory causes of action.</u>

Defendant's strategy as to Counts I, II, IV, and V of the First Amended Complaint is to summarily recast them as improper "statutory private rights of action." [ECF No. 22; pp. 3, 6, 7]. In so doing, Defendant conflates apples and oranges.  Plaintiff does not allege statutory causes of action in these Counts, but basic Florida legal theories of Unjust Enrichment and Money Had and Received.   Defendant's arguments are an effort to distract the Court from this, as the First Amended Complaint readily satisfies the elements of these claims.

       i. *Defendant Operates as an Unlicensed Money Transmitter in Violation of Fla. Stat. § 560.204.*

In Counts IV and V, Plaintiff alleges that Defendant operates as a "money transmitter" without a license in violation of Fla. Stat. § 560.204.  § 560.204 states that "a person may not engage in, or in any manner advertise that they engage in, the selling or issuing of payment instruments or in the activity of a money transmitter, *for compensation*, without first obtaining a license under this part." [ECF No. 13; ¶ 20] (emphasis added).  Defendant is a money transmitter as that term is defined in § 560.103(23),[1] and Defendant operates its business "for compensation," which takes the form of surcharges it imposes at the time of payment.

"Florida law is well-settled that where the law requires licenses to conduct business, the contracts by the unlicensed to perform licensed services are illegal and void." *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 320 (S.D. Fla. 2001).  Plaintiff relies principally on the analogous case *State Farm Fire & Casualty Co. v. Silver Star Health and Rehab*, 739 F.3d 579 (11th Cir. 2013). In *Silver Star*, the plaintiff asserted a claim for unjust enrichment to recover sums paid to a medical services provider that turned out to be unlicensed.  *Id.* at 581.  The relevant Florida law stated that "[a]ll charges or reimbursement claims made by or on behalf of a clinic that is required to be licensed under this part, but that is not so licensed, or that is otherwise operating in violation of this part, are unlawful charges, and therefore are noncompensable and unenforceable."   *Id.* at 583 (citing Fla. Stat. § 400.9335(3)).   In consequence, the Eleventh Circuit held for the plaintiff:

> As for the unjust enrichment claim, Florida courts have long recognized a cause of action for unjust enrichment "to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and

---

[1] *See* (First Am. Compl., ¶¶ 7, 41-44, ECF No. 13).

> fundamental principles of justice or equity." *Butler v. Trizec Props., Inc.*, 524 So. 2d 710, 711 (Fla. 2d DCA 1988). State Farm claimed in this case that Silver Star was unjustly enriched because it accepted payments from State Farm that it was not entitled to under Florida law. If an entity accepts and retains benefits that it is not legally entitled to receive in the first place, Florida law provides for a claim of unjust enrichment.

*Id.* at 584.

    *Silver Star* is dispositive. Here, Plaintiff has asserted a claim of unjust enrichment seeking restitution of sums paid to Defendant to which it was not entitled. *See id.* Just as in *Silver Star*, Defendant was operating without a required license, and consequently, it was prohibited from engaging in the activity of a money transmitter "for compensation." Fla. Stat. § 560.204(1). In this case, the "compensation" took the form of the surcharges it unlawfully collected. Per the Eleventh Circuit in *Silver Star*, Florida law permits a claim for unjust enrichment on these facts. 739 F.3d at 584.

    Similarly, in *Vista Designs, Inc. v. Silverman*, the plaintiff sought disgorgement of an attorney's fee paid to a lawyer who later turned out to be unlicensed in Florida. 774 So. 2d 884 (Fla. 4th DCA 2001). The trial court below ruled that the underlying contract for legal services was void due to illegality. *Id.* at 886. On appeal to the Fourth District Court of Appeal, the defendant argued, as does the Defendant here, that "because there is no regulatory measure requiring the forfeiture of fees where a contract has been declared void, disgorgement is improper." *Id.* at 887. The court disagreed and directed the defendant to reimburse plaintiff his legal fees, holding that "regulatory measures make it a criminal offense to practice law without a license," and that "public policy dictates that a party should be unable to benefit in any way as a result of one's wrongdoing." *Id.*

    In *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 320 (S.D. Fla. 2001), the court considered, among other things, a plaintiff's effort to obtain restitution of premiums paid on an insurance contract that was illegal under Florida law. The Court held that "Florida law is well-settled that where the law requires licenses to conduct business, the contracts by the unlicensed to perform licensed services are illegal and void." *Id.* And in *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1248 (11th Cir. 2003), another case involving restitution of premiums on an illegal insurance contract, the court held that "Florida courts recognize paying consideration for an illegal contract as an injury per se." *Id.* at 1252. "Thus, by asserting that he was an innocent

party to an illegal contract, London asserts the invasion of an interest legally protected by Florida's common law of contracts and thereby obtains standing." *Id.*

Finally, in *Cooper v. Paris*, the First District Court of Appeal considered a claim for restitution of commissions paid to a real estate broker who turned out to be unlicensed. 413 So. 2d 772 (Fla. 1st DCA 1982). The plaintiff, an investor, had paid sums to an unlicensed real estate broker and sought reimbursement of the same, as Florida law prohibits compensation to unlicensed real estate agents and subjects them to criminal liability. *Id.* at 773-74; *see* Fla. Stat. § 475.42. The court held for plaintiff:

> The manifest purpose of Chapter 475, Florida Statutes, is to prevent unscrupulous real estate practices and to promote the protection of the consumer/purchaser. *See Morgan v. Glassman*, 285 So. 2d 673 (Fla. 3d DCA 1973). The public interest is protected where personal service is to be rendered by the licensed real estate agent through a requirement that the license may be issued only upon satisfactory proof of honesty, truthfulness, good reputation, competency, and experience. § 475.17, Fla. Stat. To this end, the Act subjects the unlicensed real estate agent not only to forfeiture of his right to compensation but also to criminal liability. § 475.42, Fla. Stat. While we certainly do not condone the actions of Cooper or his attorney, the statute prescribes punishment against only one party to the agreement, Paris. Therefore, to refuse to return the monies paid would affront this Court's affirmative duty to see that the party violating public policy not benefit in any way as a result of his wrongdoing. *Local No. 234 v. Henley & Beckwith, Inc.,* 66 So. 2d 818 (Fla. 1953). Otherwise, Paris stands to be rewarded for his illegal activities, a result to which this Court cannot subscribe. Moreover, by allowing Paris to keep these monies this Court would implicitly encourage unlicensed persons to seek up-front money, thereby eviscerating the salutary purpose of Chapter 475 by permitting those persons to keep any funds garnered prior to a judicial declaration that the contract is void.

*Id.* at 774.

These cases all support Plaintiff's position that she has standing to seek restitution of the surcharges unlawfully collected from her and the putative classes. Moreover, Defendant's protestation that there must be an express statutory "private cause of action" was specifically rejected in *Vista Designs*:

> Silverman claims that because there is no regulatory measure requiring the forfeiture of fees where a contract has been declared void, disgorgement is improper. We acknowledge that unlike real estate brokers, there are no specific regulatory measures equivalent to Chapter 475 which require disgorgement of fees under the facts in this situation. However, regulatory measures make it a criminal offense to practice law without a license, *see* section 454.23, Fla. Stat., and the admission of attorneys to practice law is considered a judicial function,

> *see* section 454.021, Fla. Stat. While the trial court made no express finding that Silverman violated any law by not being admitted to practice law in Florida, he clearly violated the letter and spirit of the law by engaging in the unauthorized practice of law in Florida, notwithstanding the fact that he is admitted to practice before the State of New Jersey and Patent Bars. **Clearly, public policy dictates that a party should be unable to benefit in any way as a result of one's wrongdoing**.

774 So. 2d at 887 (emphasis added); *see also, LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) (holding that violation of Florida licensing statue with criminal implications could give rise to a claim under the FDCPA). In consequence, the Court should reject Defendant's position and deny its motion as to Counts IV and V. The controlling legal authority supports Plaintiff's position that Defendant must disgorge the surcharges it illegally collected as compensation for its activity as an unlicensed money transmitter.

> ii. *Defendant's Unlawful Collection of Credit Card Surcharges Imposed in Violation of Fla. Stat. § 501.0117.*

For the same reasons, Plaintiff has standing to recover the credit card surcharges Defendant imposed in violation of Fla. Stat. § 501.0117, as alleged in Counts I and II of the First Amended Complaint. Fla. Stat. § 501.0117 makes it a criminal offense for a seller or lessor in a sales or lease transaction to impose such surcharges:

> (1)   A seller or lessor in a sales or lease transaction may not impose a surcharge on the buyer or lessee for electing to use a credit card in lieu of payment by cash, check, or similar means, if the seller or lessor accepts payment by credit card. A surcharge is any additional amount imposed at the time of a sale or lease transaction by the seller or lessor that increases the charge to the buyer or lessee for the privilege of using a credit card to make payment. . . .

§ 501.0117(1). The surcharges here at issue were collected in violation of this statute, as they were imposed by Florida Power & Light Company in connection with its sale of electricity to Plaintiff.

Permitting Defendant to keep the proceeds of these unlawful surcharges would offend public policy, and contradict the holdings in *Silver Star*, *Vista Designs*, and *Cooper*. This is true even though Plaintiff shared in the illegal transaction:

> When the legislature enacts a statute forbidding certain conduct for the purpose of protecting one class of persons from the activities of another, a member of the protected class may maintain an action *notwithstanding the fact that he has shared in the illegal transaction*. The protective purpose of the legislation is

realized by allowing the plaintiff to maintain his actions against the defendant within the class primarily to be deterred.

*Cooper*, 413 So. 2d at 773.

Fla. Stat. § 501.0117 was enacted to protect purchasers of goods and services from credit card surcharges. Plaintiff is within the class of persons intended for protection under these statutes, and consequently, Plaintiff must be permitted to maintain her action to recover the unlawful surcharges taken from her. In consequence, the Court should reject Defendant's arguments, and deny the Motion to Dismiss.

        B.      The authority cited by Defendant is not controlling, and distinguishable

Defendant cites several cases in support of its position, but all are distinguishable. In its efforts to defeat Plaintiff's claims for unjust enrichment, Defendant ignores Eleventh Circuit precedent, *see Silver Star*, *supra*, and instead relies upon *four unpublished decisions*: a single opinion from the Eleventh Circuit[2] and three district court opinions. As further explained herein, the authorities cited by Defendant are distinguishable from the matter pending before this Court.

Defendant first cites *Buell v. Direct Gen'l Ins. Agency, Inc.*, 267 Fed. Appx. 907 (11th Cir. 2007). [ECF No. 22; p. 8]. In *Buell*, the Eleventh Circuit considered whether a plaintiff could recover under Florida common law for contracts sold by unlicensed insurance agents. Although the court ultimately held in favor of the defendant, it did so for a reason not applicable here: "[a]s to the allegations of sales by unlicensed agents, *Florida law specifically provides that such contracts are enforceable.*" *Id.* at 910 (emphasis added). In the present matter, there is no such escape clause to save Defendant. Even Defendant itself acknowledges that Fla. Stat. §§ 501.0117 and 560.204 are *criminal* in nature. [ECF No. 22; p. 3].

As previously stated, it is hornbook law that payments made in conjunction with an illegal contract are void and may be recovered by the affected party. *See generally, Steinberg v. Brickell Station Towers,* 625 So. 2d 848, 849 (Fla. 3d DCA 1993) (finding contract by unlicensed mortgage broker illegal and void); *Pidcock v. Sunnyland America, Inc.,* 854 F.2d 443, 446–47 n. 7 (11th Cir. 1988) (citing *Janigan v. Taylor,* 344 F.2d 781, 786 (1st Cir. 1965) and noting that application of the disgorgement remedy is not limited to the facts of that case)); *S.E.C. v. Kirkland,* 521 F. Supp. 2d 1281, 1306 (M.D. Fla. 2007) ("The equitable 'remedy of

---

[2] In the Eleventh Circuit, unpublished decisions are not binding precedent, but they may be cited as persuasive authority. 11th Cir. R. 36–2.

disgorgement is designed both to deprive a wrongdoer of his unjust enrichment and to deter others from violating the securities laws.'") (citing *S.E.C. v. Friendly Power Co., LLC,* 49 F. Supp. 2d 1363, 1372 (S.D. Fla. 1999)); *In re Ripon City,* 102 F. 176, 183 (5th Cir. 1900) ("any contract which undertakes ... to put in charge ... any unlicensed person—no matter how well qualified otherwise ...—ought to be held void")[3]; *see also,* Annot., *Recovery Back of Money Paid to Unlicensed Person Required by Law to Have Occupational or Business License or Permit to Make Contract,* 74 A.L.R.3d 637 (1976).

Next, Defendant cites *Fuller v. Mortg. Elec. Reg. Sys., Inc.*, 888 F. Supp. 2d 1257 (M.D. Fla. 2012). [ECF No. 33; pp. 8-9]. However, in *Fuller*, the court was not faced with whether an unjust enrichment claim could be founded upon an illegal business practice. Rather, *Fuller* concerned a claim based upon a defendant's alleged failure to record mortgages and pay recording fees to the clerk of court. *Id.* The court specifically found that plaintiff could not sustain its claims because "MERS has no legal duty to file mortgage assignments with Plaintiff. Therefore, Plaintiff has not, and cannot, allege that he provided a benefit to MERS…," and "Plaintiff cannot allege that MERS failed to pay the recording fee for any mortgage or assignment of mortgage that Plaintiff recorded. Third, and finally, Plaintiff has not conferred a benefit upon MERS by complying with his statutory obligations—recording a mortgage. Plaintiff's recording task is merely ministerial and Plaintiff is without discretion in the matter. Any benefit from recording a mortgage, as MERS points out, is derived from Florida law—*i.e.* priority of a lien—not from Plaintiff." *Id.* at 1275. In short, the facts in *Fuller* are totally dissimilar to those of the instant case, and *Fuller* has no application here.

In the matter of *Carrero v. LVNV Funding, LLC*, 2014 WL 6433214 (S.D. Fla. Oct. 27, 2014) cited by Defendant [ECF No. 22; p. 9] *is not even a final order* as that case is still being litigated by one of the undersigned attorneys. As litigation is still ongoing, counsel for plaintiff in that matter is without further comment. Finally, Defendant's reliance upon *Halpin v. David*, 2009 WL 1753759 (N.D. Fla. June 22, 2009) is grossly misplaced. [ECF No. 22; p. 9]. *Halpin* involved several *pro se* prisoners who had filed a claim against the Florida Department of

---

[3] In *Bonner v. City of Pritchard,* 661 F.2d 1206, 1207 & 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

Corrections for allegedly violating a commissary pricing statute and has no precedential value whatsoever; notably, the words "unjust enrichment" appear nowhere in the aforesaid ruling.[4]

Thus, the cases cited by Defendant are not binding authority, and even if they were, they are not germane to this case. The controlling legal authority supports Plaintiff's position that Defendant must disgorge the surcharges it illegally collected. *See Silver Star*, 739 F.3d at 579; *Vista Designs*, 774 So. 2d at 884; *Fabricant*, 202 F.R.D. at 310; *London*, 340 F.3d at 1246; *Cooper*, 413 So. 2d at 772. For this reason alone, Defendant's motion should be denied.

      C.    <u>Plaintiff has adequately plead the elements of Unjust Enrichment and Money Had and Received.</u>

      i.    *Unjust Enrichment*

Although some Florida courts have described unjust enrichment claims as "equitable in nature," *e.g., Gene B. Glick Co., Inc. v. Sunshine Ready Concrete Co., Inc.,* 651 So. 2d 190 (Fla. 4th DCA 1995), the term has been used in the sense of "fairness," to describe that quality which makes an enrichment unjust, and not as a reference to the equity side of the court. *Commerce P'ship 8098 Ltd. P'ship v. Equity Contr. Co.,* 695 So. 2d 383, 386 (Fla. 4th DCA 1997); *see also, Boyce Constr. Corp. v. District Bd. of Trustees,* 414 So. 2d 634, 637, n. 1 (Fla. 5th DCA 1982) (explaining that in Florida, all implied contract actions were part of the action of assumpsit, which was an action at law under the common law); Fla. Stat. § 2.01 ("The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the 4th day of July, 1776, are declared to be of force in this state; provided, the said statutes and common law be not inconsistent with the Constitution and laws of the United States and the acts of the Legislature of this state."). More simply put, while unjust enrichment has been described as an equitable remedy, in the State of Florida it is in fact a remedy at law.

---

[4] In another portion of its brief, Defendant cites another opinion, *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.,* 401 F. Supp. 2d 1270 (S.D. Fla. 2003) [ECF No. 22; p. 8]. However, a cursory review of that matter reveals the topic of unjust enrichment was hardly even briefed by plaintiff. "In response to Defendant's arguments that no evidence exists to support the unjust enrichment claim, Plaintiffs have merely stated that [a] factual question exists as to the satisfaction of these elements, while, again, failing to refer to any evidence in the record that would create a factual question. Thus, summary judgment on Count III is appropriate." *Id.* at 1280 (internal citation and quotations omitted).

Under Florida law, a plaintiff must establish four elements to recover for unjust enrichment. *Merle Wood & Associates, Inc. v. Trinity Yachts, LLC,* 714 F.3d 1234, 1237 (11th Cir. 2013). "The elements of a cause of action for unjust enrichment are: (1) the Plaintiff has conferred a benefit on the Defendant; (2) the Defendant has knowledge of the benefit; (3) the Defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the Defendant to retain the benefit without paying fair value." *Media Services Group, Inc. v. Bay Cities Communications, Inc.,* 237 F.3d 1326, 1330–31 (11th Cir. 2001) (citing *Swindell v. Crowson,* 712 So. 2d 1162, 1163 (Fla. 2d DCA 1998); *Greenfield v. Manor Care, Inc.,* 705 So. 2d 926, 930 (Fla. 4th DCA 1997) (overruled on other grounds by *Beverly Enterprises–Florida, Inc. v. Knowles,* 766 So. 2d 335, 336 (Fla. 4th DCA 2000) approved, 898 So. 2d 1 (Fla. 2004)); *Turner v. Fitzsimmons,* 673 So. 2d 532, 536 (Fla. 1st DCA 1996)).

Defendant only challenges the last of these four elements, contending that Plaintiff received an additional benefit ("immediate payment of her FPL bill") by using her credit card to pay Florida Power & Light Company via Defendant's service. [ECF No. 22; p. 12]. In so doing, Defendant relies upon single decision, *Baptista v. JPMorgan Chase Bank, N.A.*, 640 F.3d 1194 (11th Cir. 2011). *Baptista* involved a non-account holder at Chase who brought a check in person to the bank in order to cash it. Chase charged a $6.00 fee to provide cash immediately. Plaintiff filed suit based upon an alleged violation of Fla. Stat. § 655.85, a statute governing the settlement of checks, and unjust enrichment. The Eleventh Circuit affirmed the lower court's dismissal based upon federal preemption in accordance with the National Banking Act. *See id.* at 1198 ("Moreover, we conclude that because *Baptista*'s unjust enrichment claim relies on identical facts as her claim under Fla. Stat. § 655.85, it too is preempted.").

Defendant's invocation of *Baptista* is not based upon this holding, but instead upon *dicta* contained in a single footnote:

> Here, Baptista requested to have the check cashed immediately upon presentment to Chase, and in return, Chase requested a $6.00 fee. Baptista agreed to the fee. If Baptista had chosen to deposit the check in her own account and wait for processing, no fee would have been levied. The fee was only levied because Chase conferred an additional benefit on Baptista, that is, immediate payment of the check. Because Baptista cannot show that Chase failed to give consideration for her $6.00, her claim for unjust enrichment fails as a matter of law.

*Baptista*, 640 F.3d at 1198 n. 3.  This footnote is not on all fours with the pending claims in this case.  In the matter at bar, the Plaintiff has alleged that other forms of "immediate payment," such as cash and electronic withdrawal, are not subject to any sort of surcharge. [ECF No. 13; ¶ 44].  No additional benefit was conferred upon Plaintiff other than the privilege of paying with a credit card.  Moreover, there can be no consideration premised upon an act that is itself a violation of the law.  *State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, L.L.C.*, 9 F. Supp. 3d 1303, 1312 (M.D. Fla. 2014) ("According to the Eleventh Circuit, Florida law supports a cause of action for unjust enrichment upon a defendant's acceptance and retention of a benefit "that it is not legally entitled to receive in the first place[.]") (*citing Silver Star*, 739 F.3d at 584).

ii.    *Money Had and Received*

While Unjust Enrichment is an action at law, a claim for Money Had and Received is a true equitable action.  *Atl. Coast Line R. Co. v. State of Florida*, 295 U.S. 301, 309 (1935) ("A cause of action for restitution is a type of the broader cause of action for money had and received, a remedy which is equitable in origin and function.") (citations omitted).  A claim for money had and received may be based upon any set of facts "which show that an injustice would occur if money were not refunded."  *Moore Handley, Inc. v. Major Realty Corp*., 340 So. 2d 1238, 1239 (Fla. 4th DCA 1976).  *See also, Kelly v. Palmer, Reifler & Associates, PA*, 681 F. Supp. 2d 1356, 1384-85 (S.D. Fla. 2010).  A claim for "money had and received cannot be denied merely because the plaintiff may have other remedies to recover its loss." 66 Am. Jur. 2d Restitution and Implied Contracts § 172 (2008).  To prevail on the claim, Plaintiff must show that (1) they conferred a benefit on Defendant; (2) Defendants appreciated such benefit; and (3) acceptance and retention of such benefit by Defendants under the circumstances would be inequitable without paying for it. *Kelly,* 681 F. Supp. 2d at 1384; *see also, Moore Handley,* 340 So. 2d at 1239 ("An action for money had and received may, in general, be maintained whenever one has money in his hands belonging to another, which in equity and good conscience, he ought to pay over to that other.") (citation and internal quotation marks omitted).  Defendant attempts to win the day by arguing that consideration defeats the Money Had and Received claim. [ECF No. 22; p. 13].  This argument is misplaced as it is the well-established law of this Circuit and the State of Florida that unlawfully rendered services cannot qualify as adequate consideration. According to the Eleventh Circuit, Florida law supports a cause of action for unjust enrichment upon a defendant's acceptance and retention of a benefit "that it is not legally entitled to receive

in the first place[.]" *Silver Star,* 739 F.3d at 584 (affirming insurer's claim for unjust enrichment against medical clinic operating in violation of Florida Statute Section 400.9905(4)(g)); *see also, State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc.,* 2011 WL 6450769, at *5 (M.D. Fla. 2011) (holding that insurer did not bargain for unlawfully rendered medical services, and provider's retention of payments for these services was sufficient to support cause of action of action for unjust enrichment).

Again, Defendant acknowledges in its briefing that Fla. Stat. §§ 501.0117 and 560.204 are *criminal* statutes. [ECF No. 22; p. 3].  Hence, Plaintiff may recover any money paid to Defendant due to the illegal nature of Defendant's business.  It should be noted that nowhere in Defendant's briefing does Defendant even deny that it is a money transmitter as Florida law defines that term.  Fla. Stat. 560.103 makes clear that the term *money transmitter* "means a corporation ... qualified to do business in this state which receives currency, monetary value, or payment instruments for the purpose of transmitting the same by any means, including transmission by wire, facsimile, electronic transfer, courier, the Internet, or through bill payment services or other businesses that facilitate such transfer within this country, or to or from this country." Fla. Stat. § 560.103(23); *see also, Wechsler v. Novak,* 26 So. 2d 884, 887 (Fla. 1946) (the general right to contract is subject to the limitation that that agreement must not violate federal or state constitutions or state statutes or ordinances of a city or town or some rule of the common law).

   D.   The fact that Defendant is not a "seller or lessor" does not cleanse its ill-gotten surcharges that were obtained in violation of § 501.0117.

Defendant briefly argues for dismissal of Counts I-III because Defendant is not a "seller or lessor" as described by Fla. Stat. § 501.0117. [ECF No. 22; p. 10].  This section states that "[a] *seller or lessor* in a sales or lease transaction may not impose a surcharge on the buyer or lessee for electing to use a credit card in lieu of payment by cash, check, or similar means, if the seller or lessor accepts payment by credit card."  *Id.* (emphasis added).  Because it is neither a seller nor a lessor, Defendant argues that it may keep its credit card surcharges, even though they were clearly imposed in violation of the statute by Florida Power & Light Company.

Defendant's interpretation requires a myopic reading of the First Amended Complaint that ignores the surrounding facts.  Plaintiff has alleged that she paid her electric bill to Florida Power & Light Company, a *seller*, which imposed upon her an unlawful surcharge of $3.25 for

the privilege of paying with a credit card.  This surcharge was collected and retained by Defendant as remuneration for its service as a bill payment money transmitter on behalf of Florida Power & Light Company.  That Florida Power & Light Company outsourced its payment processing to Defendant does not change the fact that § 501.0117 was violated.

The fact that Defendant was not the merchant who actually sold Plaintiff her electricity is not germane to Plaintiff's theories of liability.  As explained *supra,* in Florida, "[t]he elements of a cause of action for unjust enrichment are: (1) the Plaintiff has conferred a benefit on the Defendant; (2) the Defendant has knowledge of the benefit; (3) the Defendant has accepted or retained the benefit conferred; and (4) ***the circumstances are such that it would be inequitable for the Defendant to retain the benefit without paying fair value***." *Media Services Group, Inc.* 237 F.3d at 1330–31 (emphasis added).  Similarly, to prevail on a claim of Money Had and Received, Plaintiff must show that (1) they conferred a benefit on Defendant; (2) Defendants appreciated such benefit; and (3) ***acceptance and retention of such benefit by Defendants under the circumstances would be inequitable without paying for it***.  *Kelly,* 681 F. Supp. 2d at 1384.

Thus, under both Unjust Enrichment and Money Had and Received, the question is not whether Defendant is the *de jure* seller or lessor in the transaction, but simply whether it would be inequitable for Defendant to retain the proceeds of the unlawful surcharges.  Plaintiff submits that it would indeed be inequitable to allow Defendant to keep money that it collected as a result of its criminal conduct.  Accordingly, Defendant's motion should be denied. *See Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F. Supp. 2d 1269, 1288-89 (S.D. Fla. 2013) ("The Court will not dismiss Aceto's unjust enrichment claim because the Complaint alleges that Pernix, rather than Aceto, sold Defendants the allegedly infringing products."); *Romano v. Motorola, Inc.,* 07–CIV–60517, 2007 WL 4199781, at *2  (S.D. Fla. Nov. 26, 2007) (allowing unjust enrichment claim where manufacturer marketed its product directly to consumers but sold its product through an intermediary); *Ulbrich v. GMAC Mortgage, LLC,* 11–62424–CIV, 2012 WL 3516499, at *2 (S.D. Fla. Aug. 15, 2012) (allegations that Balboa charged Plaintiff inflated premiums for the forced placed coverage and "skimmed the excess for themselves" sufficient to show that Plaintiff, by paying the allegedly excessive premiums, conferred a direct benefit on Balboa).

II.     **Plaintiff has Stated Claims under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.211.**

In order to state a claim for relief under Fla. Stat. § 501.201, the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), a party must plead (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages or aggrievement. *Third Party Verification, Inc. v. Signaturelink*, 492 F. Supp. 2d 1314, 1326 (M.D. Fla. 2007) (citations omitted).

Defendant does not appear to contest any of these elements.  Instead, Defendant argues that Plaintiff's FDUTPA claims must be dismissed because its deceptive and unfair practices also violate Fla. Stat. §§ 501.0117 and 560.204.  Defendant contends that because these statutes does not specifically authorize a private right of action within their text, the prohibitions therein are not subject to Fla. Stat. § 501.201, *et seq*.  *See* [ECF No. 22, p. 13].[5]

Defendant's interpretation of the statute unrealistically limits and self-servingly misconstrues the legislative intent behind Chapter 501.  FDUTPA is intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.  *See Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc.*, 693 So. 2d 602, 605-06 (Fla. 2d DCA 1997) (discussing the purpose of FDUTPA in light of its legislative history).  Defendant's conduct is precisely what FDUTPA was intended to remedy.  It simply makes no sense to construe FDUTPA as an act intended to protect the consuming public from unfair and deceptive trade practices, *except* in instances when they arise from *criminally* unfair or deceptive trade practices.

When considering whether a defendant's actions "support a finding of unfair methods of competition, unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce, 'courts have regarded the concept as extremely broad.'" *MJS Music Publ'n, LLC v. Hal Leonard Corp.*, No. 8:06-cv-488-T30EAJ, 2006 WL 1208015, at *2 (M.D. Fla. May 4, 2006) (*quoting Day v. Le-Jo Enters., Inc.*, 521 So. 2d 175, 178 (Fla. 3d DCA 1988)).  It is inconceivable to conclude that Florida's consumer protection statutes were designed not to

---

[5] Defendant also makes a one-sentence argument that "Plaintiff merely recites the language of the statute without providing any facts or law to support her claim."  Plaintiff disputes this, and avers that she has sufficiently plead facts to support her claims under FDUTPA.

protect the public from unfair and deceptive trade practices, but, instead, to shield unscrupulous businesses from liability.

The facts alleged in Plaintiff's Amended Complaint, if proven, will establish that Defendant is a "money transmitter" engaged in unconscionable, deceptive, and unfair trade practices.  They will further establish that Defendant collected credit card surcharges from consumers as prohibited by Fla. Stat. § 501.0117.  Plaintiff falls squarely within the category of consumers that FDUTPA, and Chapter 501, as a whole, is intended to protect.  Accordingly, Defendant's motion should be denied.

### III.   Plaintiff has Stated a Claim under the Florida Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.104, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*

Defendant argues that Plaintiff has not stated a claim under the Civil Remedies for Criminal Practices Act (CRCPA), Fla. Stat. § 772.104, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, because Plaintiff has not plausibly alleged a violation of 18 U.S.C. § 1961, and because a violation of Fla. Stat. § 560.204 is not a predicate offense under the CRCPA. *See* [ECF No. 22; pp. 14, 15, 18, 20].  Both of these arguments are unavailing.  As to Defendant's second argument, Plaintiff does not predicate her CRCPA claim on Fla. Stat. § 560.204.  It is irrelevant that Fla. Stat. § 560.204 is not a predicate offense to the CRCPA, and Defendant's arguments on this subject are equally irrelevant.  Plaintiff's CRCPA claim is predicated upon 18 U.S.C. § 1961(1)(B), and Plaintiff has plausibly alleged violations of a predicate offense for § 1961(1)(B), namely a violation of 18 U.S.C. § 1960.

Defendant's main argument regarding Counts VII and VIII is not that the First Amended Complaint is deficient, but that Defendant is entitled to the "payment processor" exemption from compliance with 18 U.S.C. § 1960, as codified in 31 C.F.R. § 1010.100(ff)(5)(ii)(B).  Indeed, this may be so.  However, a motion to dismiss is not the proper place to assert this exemption. Statutory exemptions must generally be plead as affirmative defenses.[6] *See, e.g., Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1012 (11th Cir. 1982); *Spann ex rel. Hopkins v.*

---

[6] Plaintiff asserts that even if Defendant is able to carry its burden and prove its entitlement to the exemption in § 1010.100(ff)(5)(ii), this would only apply to Plaintiff's claims in Counts VII and VIII, as no such exemption applies to Florida's definition of a "money transmitter" under Fla. Stat. § 560.103(23), which specifically includes persons who transmit money through a bill payment service.

*Word of Faith Christian Center Church*, 589 F. Supp. 2d 759, 673 (S.D. Miss. 2008); *see also, Steinberg ex rel. Lancer Mgmt. Grp. LLC v. Alpha Fifth Grp.*, No. 04-60899-CIV-MARRA, 2010 WL 1332844, at *2 (S.D. Fla. Mar. 30, 2010) ("Even if UNH has a valid argument that it was a mere "conduit" for the transfers, that argument is an affirmative defense to be proven at trial, not on a motion to dismiss.").

Although Plaintiff has found no authority specific to the exemption described in § 1010.100(ff)(5)(ii)(B), Plaintiff submits that it should be regarded as an affirmative defense. Plaintiff has adequately plead that Defendant is a "money transmitting business" as defined in 18 U.S.C. § 1960.  Plaintiff cannot also be expected to prove the negative of Defendant's claimed exemption.  Rather, Defendant must have the burden of pleading and proving the elements of the exemption in its answer.  These elements are:

(a)     the entity providing the service must facilitate the purchase of goods or services, or the payment of bills for goods or services (other than money transmission itself);

(b)     the entity must operate through clearance and settlement systems that admit only BSA-regulated financial institutions;

(c)     the entity must provide the service pursuant to a formal agreement; and

(d)     the entity's agreement must be at a minimum with the seller or creditor that provided the goods or services and receives the funds.

FinCEN Ruling FIN-2014-R012 (Oct. 27, 2013)[7]; 31 C.F.R. § 1010.100(ff)(5)(ii)(B).

These four elements are fact-intensive, and cannot be resolved at this stage of litigation. Plaintiff cannot be expected to plead the negative of every single possible exemption to 18 U.S.C. § 1960, of which there are many.  Nor can Plaintiff be expected to know the facts relating to Defendant's claimed exemption prior to availing herself of discovery.  The allegations in Plaintiff's Complaint do not establish that Defendant is entitled to the payment processor exemption, and consequently, Defendant must carry its burden of pleading and proving it before it can be successfully invoked.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss the First Amended Complaint.  [ECF No. 21].

---

[7] http://www.fincen.gov/news_room/rp/rulings/html/FIN-2014-R012.html.

Respectfully submitted this 16th day of June, 2015.

By: /s/ *Bret L. Lusskin*
   Bret L. Lusskin, Esq.
   Florida Bar No. 28069

BRET LUSSKIN, P.A.
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

Scott D. Owens, Esq.
Florida Bar No. 0597651
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, Florida 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of June, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Bret L. Lusskin*
   Bret L. Lusskin, Esq.
   Florida Bar No. 28069