UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80164-CIV-MARRA

CARYN PINCUS, an individual, on behalf
of herself and all others similarly situated,

Plaintiff,

vs.

SPEEDPAY, INC., a New York corporation,
Defendant.

_____/

**ORDER[1]**

This cause is before the Court upon Defendant's Motion for Reconsideration and for

Judgment on the Pleadings or, in the alternative, to Certify Interlocutory Appeal (DE 54) and

Plaintiff's Motion for Leave to File Persuasive Authority (DE 59).  The Court has carefully

considered the Motions and is otherwise fully advised in the premises.

The Court previously addressed whether Plaintiff can seek relief for harm allegedly

caused by the violation of Florida Statute § 560.204(1)[2] under recognized common law and

statutory vehicles for redress, despite the absence of a legislatively created right of action within

the statute itself.   In answering that question in the affirmative, the Court relied on State Farm

Fire & Casualty Co. v. Silver Star Health and Rehab., 739 F.3d 579 (11th Cir. 2013).   There, the

plaintiff asserted a claim for unjust enrichment to recover sums paid to a medical services

provider that turned out to be unlicensed.  Id. at 581.  The relevant Florida law stated that "[a]ll

---

[1] The Court presumes familiarity with its prior Orders.

[2] With respect to Florida Statute § 501.0117, the Court discusses it infra.

charges or reimbursement claims made by or on behalf of a clinic that is required to be licensed under this part, but that is not so licensed, or that is otherwise operating in violation of this part, are unlawful charges, and therefore are noncompensable and unenforceable." Id. at 583  (citing Florida Statute § 400.9935(3)).  The Eleventh Circuit held, with respect to the unjust enrichment claim, that Florida courts have allowed a cause of action "to prevent wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity." Id.  at 584.  The Court went on to say, "[i]f an entity accepts and retains benefits that it is not legally entitled to receive in the first place, Florida law provides for a claim of unjust enrichment." Id.

Further, the Court rejected Defendant's reliance on  Buell v. Direct General Ins. Agency, Inc., 267 F. App'x 907 (11th Cir. 2008).  In Buell, the plaintiff brought a putative class action against an insurer for the violation of a state statute prohibiting the act of "sliding" with respect to the sale of certain ancillary insurance products. Id. at 908.  The plaintiff acknowledged there was not a statutory cause of action under the applicable statute, but sought relief under common law claims, including for money had and received. Id.  at 909.  The Eleventh Circuit agreed with the district court which found "plaintiffs may not evade the Florida legislature's decision to withhold a statutory cause of action for violations of the pertinent provisions of [the insurance statute] by asserting common law claims based on such violations." Id. (citing Murthy v. Sinha Corp., 644 So. 2d 983, 985 (Fla. 1994) (courts must look to whether the statute intended to create a private remedy)).  This Court found that Buell, an unpublished opinion, was inconsistent with Silver Star and inconsistent with the Florida Supreme Court's decision in Murthy v. Sinha Corp., 644 So. 2d 983 (Fla. 1994), upon which Buell relied.

2

Defendant now moves for reconsideration based on Hucke v. Kubra Data Transfer Ltd., No. 15-cv-14232 (S.D. Fla. Nov. 9, 2015).  In that case, Judge Robin L. Rosenberg disagreed with this Court's ruling, and held that the plaintiff could not pursue common law claims stemming from violations of Florida Statute § 560.204(1).  Hucke held that a statute, with no private right of action, does not create an automatic common law claim for a statutory violation, nor does it immunize the violator from a common law suit.  Instead, Hucke stated that "something more than just the violation of the statute . . . is needed." Id. at 9.  Specifically, "[t]he case law suggests that there must be some indication that the regulatory violation also renders the underlying transaction void or otherwise creates grounds for private restitution." Id. at 9-10.  Based on this rationale, Hucke contrasted Silver Star with Buell and found their holdings to be consistent and reconcilable.  Hucke observed that the statute in Silver Star provided language that the challenged charges were "noncompensable and unenforceable" whereas no similar language existed in the statutory scheme involved in Buell.  In examining Florida Statute § 560.204(1), Hucke concluded that the statutory language had no indication that a violation voids the challenged transaction.

The Court respectfully disagrees with this analysis.  The rationale used in Hucke to reconcile the results in Silver Star and Buell was for the court to look for an indication in the statutory or regulatory scheme that either would render the underlying transaction void or create a ground for restitution.  That rationale, however, ignores the well settled common law principles in Florida that renders a transaction with an unlicensed person void, even in the absence of a statutory or regulatory provision expressly dictating such a result.  Fabricant v. Sears Roebuck, 202 F.R.D. 310, 320 (S. D. Fla. (2001) ("Florida law is well-settled that where the law requires

3

licenses to conduct business, the contracts by the unlicensed to perform licensed services are illegal and void."); Vista Designs v. Silverman, 774 So.2d 884, 885 (Fla. Dist. Ct. App. 2001) (requiring unlicensed attorney to disgorge the funds received from client through a contract that was void ab initio due to illegality); Steinberg v. Brickell Station Towers, 625 So.2d 848, 849 (Fla. Dist. Ct. App.1993) (finding contract by unlicensed mortgage broker illegal and void); see also London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1252 (11th Cir. 2003) (Florida courts recognize paying consideration for an illegal contract as an injury per se); American Mut. Fire Ins. Co. v. Illingworth, 213 So. 2d 747, 749 (Fla. Dist. Ct. App. Dist. 1968) (failure to file form with state office of insurance regulation renders the form void); Restatement of Contracts (Second) § 181, Illustration 5 (1981) (regulatory legislation is best served by holding the non-complying party liable in damages for any defective performance); Restatement on Restitution (Third) § 3 (2011) ("A person is not permitted to profit by his own wrong").

 In view of these common law principles, an express provision in the statutory or regulatory scheme rendering the underlying transaction void adds nothing to the analysis.  If the legislature intended an express provision in the statute or regulation rendering the underlying transaction void to be construed as an indication of an intent to permit a private right of action, one wonders why the legislature would not have simply provided an express right of action.  In the absence of an express provision of a statutory remedy, the Court concludes that the legislature intended to let the common law supply any remedy that may be available.

With respect to Defendant's alternative relief for certification of an interlocutory appeal, the Court denies this as well.  In order to grant interlocutory review under 28 U.S.C. § 1292(b), a party must demonstrate that (1) the order presents a controlling question of law (2) over which

there is a substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation.  See McFarlin v. Conseco Svcs., LLC, 381 F.3d 1251, 1255 (11th Cir. 2004).  The Court finds that this standard is not met.  This Court is in "complete and unequivocal agreement" with Silver Star, an Eleventh Circuit published opinion. McFarlin v. Conseco Svcs., LLC, 381 F.3d 1251, 1258 (11th Cir. 2004).  Moreover, given that other claims survived the motion to dismiss, resolution of the common law claims would not materially advance the ultimate termination of the litigation.

Next, the Court addresses Defendant's argument that Dana's Railroad Supply v. Attorney General, 807 F.3d 1235 (11th Cir. 2015) requires the dismissal of counts one through three of the complaint which brought claims pursuant to Florida Statute § 501.0117.  Given that the Eleventh Circuit has declared this statute unconstitutional, counts one through three of the Complaint must be dismissed.  The Court will dismiss these claims with prejudice, on the assumption that Dana's Railroad will remain valid and binding.  If the United Sates Supreme Court makes a ruling that alters the holding of Dana's Railroad, then Plaintiff may move for modification of this ruling.

Lastly, the Court denies without prejudice Defendant's motion for a judgment on pleadings.  Defendant may refile this motion separately from its motion for reconsideration.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)  Defendant's Motion for Reconsideration and for Judgment on the Pleadings or, in the alternative, to Certify Interlocutory Appeal (DE 54) is **DENIED IN PART AND DENIED WITHOUT PREJUDICE IN PART**.  The motion for reconsideration and to certify interlocutory appeal is denied.  The motion for judgment on the pleading is denied without prejudice.

5

2)      In light of Dana's Railroad Supply v. Attorney General, 807 F.3d 1235 (11th Cir.

2015), counts one, two and three of the Complaint are **DISMISSED WITH**

**PREJUDICE.**

3)      Plaintiff's Motion for Leave to File Persuasive Authority (DE 59) is **GRANTED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 3rd day of May, 2016.

_____
KENNETH A. MARRA
United States District Judge

6