UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80164-CIV-MARRA

CARYN PINCUS, an individual, on behalf
of herself and all others similarly situated,

Plaintiff,

vs.

SPEEDPAY, INC., a New York corporation,

Defendant.
_____/

**OPINION AND ORDER**[1]

This cause is before the Court upon Defendant's Motion for Judgment on the Pleadings as to Counts VII and VIII (DE 69). The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

On December 1, 2015, Plaintiff Caryn Pincus ("Plaintiff") filed a second amended class action complaint ("SAC"). (DE 48.) The SAC alleges that Plaintiff and her husband paid their electric bill using Florida Power & Light "Pay by Phone" feature. (SAC ¶¶ 27-30.) After deciding to pay with a credit card, they were transferred to Defendant Speedpay, Inc.'s ("Defendant") automated telephone payment system. (SAC ¶¶ 31-33.) At the time of payment, Speedpay imposed an additional surcharge of $3.25 for using a credit card for payment. (SAC ¶ 34.)

Plaintiff has asserted numerous counts, some under the federal and Florida state RICO

---

[1] The Court presumes familiarity with its prior Orders.

statutes. 18 U.S.C. § 1961 et seq.; Florida Statute § 772.104. Defendant has moved for judgment on the pleadings on these counts.

Defendant contends Plaintiff lacks standing to bring these claims because she has failed to allege any injury caused by Speedpay's investment of the proceeds of the alleged racketeering activity and because she does not allege a cognizable enterprise. Plaintiff responds that the Court should not apply the "investment use rule" and instead find that the injury requirement can be met by the racketeering activity itself. Additionally, Plaintiff contends that the offender and the enterprise can be the same under section 1962(a).

II.  Legal Standard

"Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Ortega .v Christian, 85 F.3d 1521, 1524 (11th Cir. 1996) (citing Fed. R. Civ. P. 12(c)). "The court should grant a motion for judgment on the pleadings only when it is clear that the merits of the controversy can be fairly and fully decided on the face of the pleadings." Vagenas v. Cont'l Gin Co., 789 F. Supp. 1137 (M.D. Ala. 1992), (citing Andreu v. Sapp, 919 F.2d 637, 639 (11th Cir. 1990)), vacated on other grounds, 988 F.2d 104 (11th Cir. 1993). Put another way, a Rule 12(c) motion disposes of cases when the facts are not in dispute and the focus can be on the competing pleadings. See Bank Ins. Co. v. Florida Residential Property and Cas. Joint Underwriting Ass'n., 137 F.3d 1293, 1295 (11th Cir. 1998). A judgment on the pleadings "only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to decided by the district court." Wright & Miller, Federal Practice and Procedure Civil 3d § 1367, at 207-08 (2004).

III. Discussion

Section 1962(a) provides in part:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a).

The parties disagree over whether this provision makes it illegal to engage in a pattern of a racketeering activity or if it makes it illegal to use the proceeds of such activity to invest in an enterprise. Defendant points out that most courts have adopted the "investment injury rule" which requires that a defendant's investment of the racketeering proceeds injured the plaintiff. See, e.g., Beck v. Prupis, 529 U.S. 494, 506 n.9 (2000) (noting that "most courts of appeals have adopted the so-called investment injury rule, which requires that a plaintiff suing for a violation of § 1962(a) allege injury from the defendant's use or investment of income derived from racketeering activity") (quotation marks and brackets omitted).[2]   In contrast, Plaintiff argues that the Court should follow Busby v. Crown Supply, 896 F.2d 833, 837-40 (4th Cir. 1990) which rejected the "investment injury rule" and allows RICO claims based on just the racketeering

---

[2] The following Courts of Appeals have adopted the investment injury rule: Ouaknine v. MacFarlane, 897 F.2d 75, 82 (2d Cir. 1990); Glessner v. Kenny, 952 F.2d 702, 708–10 (3d Cir. 1991), overruled on other grounds by, Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., Inc., 46 F.3d 258 (3d Cir.1995); Parker & Parsley Petroleum v. Dresser Indus., 972 F.2d 580, 584 (5th Cir. 1992);  Vemco, Inc. v. Camardella, 23 F.3d 129, 132 (6th Cir. 1994); Fogie v. THORN Americas, Inc., 190 F.3d 889, 894-95 (8th Cir. 1999); Nugget Hydroelec. L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429, 437–38 (9th Cir. 1992); Grider v. Texas Oil & Gas Corp., 868 F.2d 1147 (10th Cir. 1989); Danielson v. Burnside–Ott Training Ctr., 941 F.2d 1220, 1239–40 (D.C. Cir. 1991).

activity. The Eleventh Circuit has not addressed the issue.

The Court finds it unnecessary to resolve this question because Plaintiff has failed to allege properly the existence of an enterprise. The SAC alleges that Defendant received proceeds from its pattern of criminal activity and used or invested the proceeds in the operation of its enterprise thereby injuring Plaintiff. (SAC ¶ ¶ 84-85; 89.) In other words, Plaintiff alleges that Defendant used income derived from prior racketeering activity to invest and operate the system which collected the surcharge. See Newmyer v. Philatelic Leasing, Ltd., 888 F.2d 385, 396 (6th Cir. 1989) ("if the defendants used income derived from racketeering activity in 1980 and 1981 to establish and operate the alleged scam in which the plaintiffs put their money in 1982 and 1983, we do not see why it would be impossible for the plaintiffs to show that they had been injured by a violation of § 1962(a)"). Assuming arguendo that the "investment injury rule" applies, the SAC adequately alleges this requirement and the Court denies Defendant's motion on this basis.

Defendant claims that the SAC must plead that the enterprise is something acquired through the use of illegal activities or by the money obtained from illegal activities. Defendant points out that the only enterprise identified in the SAC is Defendant itself. (Mot. at 5.) In 1994, the United States Supreme Court stated that an enterprise under section 1962(a) is "something acquired through the use of illegal activities or by money obtained from illegal services." National Org. of Women, Inc. v. Sheidler, 510 U.S. 249, 259 (1994). The enterprise in this subsection is the victim of unlawful activity and not the vehicle through which the unlawful pattern of racketeering activity is committed. Id. ; Davis-Lynch, Inc. v. Moreno, 667 F.3d 539, 550 (5th Cir. 2012) (same); Smith v. Bank of Am., N.A., No. 2:11-cv-676, 2014 WL 897032, at *

4

8. (M.D. Fla. Mar. 6, 2014) (same).  Here, Plaintiff alleges she is the victim of the illegal activity, not Defendant.  As such, the state and federal RICO claims must be dismissed.

Plaintiff, however, contends that Sheidler is dicta and the Court should follow Busby which interpreted section 1962(a) as allowing an enterprise to be the same as the offender. (Resp. at 9.)  Notably, Sheidler was decided after Busby.[3]  While Sheidler dealt with a section 1962(c) claim,  the opinion compared section 1962(a) to 1962(c), defining section 1962(c) as "the vehicle through which the unlawful pattern of racketeering activity is committed, rather than the victim of that activity." Sheidler, 510 U.S. at 259.  The opinion contrasted this with section 1962(a) where the enterprise is the "victim of unlawful activity." Id.  For this reason, the Court rejects Plaintiff's request not to follow Sheidler.  Finally, to the extent Plaintiff argues that Defendant may be a "victim," Plaintiff does not provide any citation to any allegation in the SAC in support and the SAC does not make such allegations.

Based on the foregoing, Defendant's motion for judgment on the pleadings is granted.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Judgment on the Pleadings as to Counts VII and VIII (DE 69) is **GRANTED**.  Counts VII and VIII are **DISMISSED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of March, 2017.

KENNETH A. MARRA
United States District Judge

---

[3] The other cases relied on by Plaintiff were also decided before Sheidler.